IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AHMAD WILLIAMS and MALAIKA WILLIAMS,<br>*Plaintiffs*<br><br>v.<br><br>EDWIN ONAGHISE,<br>*Defendant* | §<br>§<br>§<br>§   Case No. 1:24-CV-01086-SH<br>§<br>§<br>§<br>§ |

## ORDER

Now before the Court are Plaintiffs' Opposed Dual Motion for Limited Discovery and Extension of Time to Effectuate Service, filed October 11, 2024 (Dkt. 23); Defendant Edwin Onaghise's 12(b)(5) Motion to Dismiss for Insufficient Service, filed October 22, 2024 (Dkt. 27); Plaintiffs' Motion to Extend Time to Procure Counsel for Court Appearance on December 16, 2024, filed December 6, 2024 (Dkt. 39); and the associated response and reply briefs.

On November 21, 2024, the District Court reassigned this case to this Magistrate Judge pursuant to the parties' consent. Dkt. 35. All future pleadings should be filed with "SH" after the cause number, as above. On December 16, 2024, the Court held an Initial Pretrial Conference at which Plaintiff Malaika Williams and counsel for Defendant Edwin Onaghise appeared.

### I. Background

Malaika and Ahmad Williams, proceeding *pro se*, filed suit against Onaghise and his insurer, BlueFire Insurance Services, LLC ("BlueFire"), in the United States District Court for the Eastern District of Pennsylvania on June 6, 2024. Complaint, Dkt. 1. Plaintiffs allege that on June 11, 2022, while in Austin, Texas, Ahmad Williams was rear-ended at a stop sign by Onaghise, a Texas resident. *Id.* ¶ 11. Plaintiffs also allege that BlueFire denied the claim and responsibility for the damages. *Id.* ¶ 16. Plaintiffs bring claims for negligence, negligent infliction of emotional dress, loss of consortium, and loss of services. *Id.* ¶ 7.

Plaintiffs tried to serve Onaghise by mail to his home address in Austin on June 13, 2024, but their certified letter was returned undelivered because the residence was vacant. Dkt. 23 at 5. On July 1, 2024, they filed a motion for limited discovery "in the form of interrogatories upon the Defendant BlueFire Insurance Services, LLC" to obtain Onaghise's location. Dkt. 7 at 1. Neither BlueFire nor Onaghise responded to Plaintiffs' motion, but on July 10, 2024, Defendants filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. Dkt. 10.

The District Court for the Eastern District of Pennsylvania found venue improper there and transferred the case to this Court. Dkt. 12. BlueFire again moved to dismiss Plaintiffs' claims against it for insufficient service of process and failure to state a claim, asserting that Plaintiffs had not filed proof of service on either defendant. Dkt. 18. BlueFire also argued that Texas law does not provide for Plaintiffs' direct claims against an alleged tortfeasor's insured until after the tortfeasor is determined liable. Plaintiffs then filed "Plaintiff's Withdrawal and Request" (Dkt. 24), which the District Court construed as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and dismissed Plaintiffs' claims against BlueFire without prejudice. Dkt. 25.

In their pending motion for discovery and extension of time to effectuate service (Dkt. 23), Plaintiffs again seek additional time to serve Onaghise and "limited discovery to ascertain Defendant Onaghise's current residential address in order to properly effectuate service." Dkt. 23 at 1. Plaintiffs also request sixty days to procure legal counsel. Dkt. 39.

In his motion to dismiss (Dkt. 27), Onaghise asks the Court to dismiss Plaintiffs' claims because they failed to serve him within ninety days and have not tried to effectuate service again since June 13, 2024.

## II. Plaintiffs' Motion to Extend Time

Plaintiffs did not confer with Onaghise's counsel before filing their motion for extension, as required by Local Rule CV-7(g) of the Local Rules of the United States District Court for the Western District of Texas, but counsel represented during the initial pretrial conference that Onaghise does not oppose the motion.

The Court **GRANTS** the motion in part and extends all deadlines in the parties' proposed scheduling order by **THIRTY DAYS** to allow Plaintiffs time to obtain counsel. The Court will enter a separate scheduling order to control the deadlines in this case.

## III. Defendant's Motion to Dismiss and Plaintiffs' Motion for Extension of Time to Serve

Under Rule 12(b)(5), a defendant may move for dismissal for insufficient service of process. In ruling on the motion, the Court must look to Rule 4, which applies to the issuance of summons and service of process. 5B ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (4th ed. June 2024 Update) ("The procedural requirements for proper service are set forth in Federal Rule of Civil Procedure 4 and they are incorporated by Rule 12(b)."). Once service is contested, the serving party has the burden to show service was valid. *Luke v. Texas*, No. 1:20-CV-388-LY, 2021 WL 12306360, at *1 (W.D. Tex. Aug. 4, 2021), *aff'd*, 46 F.4th 301 (5th Cir. 2022).

Service on Onaghise is governed by Rule 4(e), providing that service may be effectuated by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

3

If a plaintiff fails to serve a defendant within ninety days of filing the complaint, Rule 4(m) requires the court to dismiss the action or order service within a specified time. But Rule 4(m) also provides that the court must extend the time for service if the plaintiff shows good cause for the failure. The court has discretion to extend the time for service even if the plaintiff lacks good cause, such as when the statute of limitations would prohibit a refiled action or the defendant evades service. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

Onaghise argues that this case should be dismissed because Plaintiffs did not serve him within the ninety-day window. Plaintiffs respond that Pennsylvania law does not require strict compliance with its service rules, they have made a good-faith effort to serve Onaghise, and Onaghise has not been prejudiced by the alleged failure to serve.

**A. Service Was Improper**

The Court finds that Plaintiffs have not properly served Onaghise. Pennsylvania Rule of Civil Procedure 404 provides that a competent adult outside Pennsylvania may be served by mail under state Rule 403. Rule 403 requires that a copy of the original process be mailed to the defendant with return receipt, and if it is returned unclaimed, "the plaintiff shall make service by another means pursuant to these rules." PENN. R. CIV. P. 403(2).

While this case was pending before the Eastern District of Pennsylvania, Plaintiffs mailed a copy of the summons and complaint to Onaghise, but as stated, it was returned undelivered because the residence to which it was addressed was vacant. Dkt. 7 at 1; Dkt. 23 at 6. Pennsylvania rules required Plaintiffs to pursue another means of service, but they did not do so. Because the ninety-day window to effectuate service under Rule 4(e) expired September 4, 2024, Plaintiffs did not timely serve Onaghise.

### B. Plaintiffs Have Not Shown Good Cause

The Court next considers whether Plaintiffs have shown good cause for their failure to serve Onaghise under Rule 4(m). Plaintiffs, as the serving party, must prove good cause, including good faith and a reasonable basis for noncompliance. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th. Cir. 2013). They must show at least as much would be required for excusable neglect, and their *pro se* status does not excuse them from failing to effect service or for their lack of knowledge of the Federal Rules of Civil Procedure. *Walker v. Collier*, No. SA-21-CV-00677-SR, 2022 WL 179875, at *3 (W.D. Tex. Jan. 19, 2022).

Onaghise argues that Plaintiffs have not made a service attempt in six months and offer no reasonable basis for not doing so. Plaintiffs respond that they have filed two requests for discovery to effectuate service on Onaghise and have no other way to find him.

Plaintiffs have tried to serve Onaghise only once and do not explain how they have unsuccessfully tried to locate him. They have not met their burden to show either good faith or a reasonable basis for noncompliance.

### C. The Court Exercises it Discretion to Extend the Time for Service

The Court has discretion to extend time for service even though it has found no good cause for Plaintiffs' failure to timely serve. *Millan*, 546 F.3d 321 at 325. To dismiss when the statute of limitations would bar refiling, the Court must find a "clear record of delay or contumacious conduct by the plaintiff," including a delay longer than a few months "characterized by significant periods of total inactivity." *Thrasher*, 709 F.3d at 512-13 (quoting *Millan*, 546 F.3d at 326-27). Dismissal generally requires the presence of an aggravating factor, such as delay caused by the plaintiff, actual prejudice to the defendant, or delay caused by intentional conduct. *Millan*, 546 F.3d 321 at 326.

Here, the statute of limitations would bar the refiling of Plaintiffs' case because the alleged injury occurred on June 11, 2022. Dkt. 1 ¶ 11; TEX. CIV. PRAC. & REM. CODE § 16.003(a) (establishing a statute of limitations for personal injury claims "not later than two years after the day the cause of action accrues").

Plaintiffs are now some three months late serving Onaghise under Rule 4(m), but they first attempted to serve him only seven days after filing their complaint. Dkt. 23 at 6. Two weeks after their attempt failed, they moved for discovery to obtain Onaghise's residential address. Dkt. 7. The Pennsylvania court took no action on their discovery motion, and Plaintiffs moved again for discovery less than a month after this case was transferred to this Court, stating that they have no other way to find Onaghise. Dkt. 23. Although insufficient to show good cause, these facts do not reach the level of tardiness, inactivity, or wrongful conduct required to dismiss this case for lack of proper service. *See Thrasher*, 709 F.3d 509 at 513-14 (affirming dismissal where plaintiff did not make any attempt to serve defendant for four months after filing suit and did not respond to defendants' motion to dismiss for nearly six months). Nor are any aggravating factors present. There is no showing of delay caused by Plaintiffs' intentional conduct. Albeit ineffective, Plaintiffs have made efforts related to service through their two discovery motions, and the record does not show that their delays have been intentional.

The Court also discerns no prejudice to Onaghise. He has been on notice of this suit since at least July 10, 2024, when he and BlueFire filed a motion to dismiss, attaching a copy of Plaintiffs' complaint. Dkt. 10; Dkt. 10-3. And both Defendants were represented by the same counsel, who conferred with Plaintiffs before moving to dismiss. Dkt. 10-5. *See La Cantera Dev. Co. v. W. Rim Prop. Servs.*, No. SA-09-CV-691-XR, 2010 WL 417409, at *4 (W.D. Tex. Jan. 29, 2010) (granting extension of time to serve when defendants had actual notice of the litigation).

Because the statute of limitations would bar refiling of Plaintiffs' case, the Court exercises its discretion to extend time for service and **ORDERS** Plaintiffs to serve Onaghise within 45 days.

### IV.  Conclusion

The Court:

- **GRANTS IN PART and DENIES IN PART** Plaintiffs' Opposed Dual Motion for Limited Discovery and Extension of Time to Effectuate Service (Dkt. 23). The Court extends Plaintiffs' time to effective service by 45 days and denies without prejudice Plaintiffs' request for discovery;

- **DENIES** without prejudice Defendant Edwin Onaghise's 12(b)(5) Motion to Dismiss for Insufficient Service (Dkt. 27);

- **ORDERS** Plaintiffs to serve Onaghise **by January 31, 2025**; and

- **GRANTS IN PART** Plaintiffs' Motion to Extend Time (Dkt. 39). Plaintiffs have until **JANUARY 16, 2025** to obtain counsel to represent them in this case.

**SIGNED** on December 17, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE